**PAM BASSEL STANDING CHAPTER 13 TRUSTEE**
Bar No. 01344800
7001 Blvd. 26, Suite 150
North Richland Hills, TX 76180
Phone (817) 916-4710
Fax (817) 916-4770

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

**IN RE:**                                                                                      **CASE NO.: 17-43890-ELM-13**

**ANGEL REE SANSOM**
     2315 WESTBROOK DRIVE
     CARROLLTON, TX 75007
     SSN / ITIN: XXX-XX-7205
     AKA ANGEL RUSK
     AKA ANGEL RUSK-SANSOM

**DEBTOR(S)**                                                       **PRE-HEARING CONFERENCE: JULY 5, 2019 AT 8:30 AM**

**TRUSTEE'S OBJECTION TO DEBTOR'S MODIFICATION OF CHAPTER 13 PLAN AFTER CONFIRMATION**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

    NOW COMES Pam Bassel Standing Chapter 13 Trustee and files this Trustee's Objection to Debtor's Modification of Chapter 13 Plan after Confirmation.  Trustee would respectfully show the Court:

1. Trustee DENIES the allegations of Debtor's Modification to the extent that the Debtor claims the modification is necessary due to actions of the Trustee.

2. On January 29, 2018, Mortgage Lender, First United Bank and Trust Company filed Proof of Claim No. 12-1.  The Mortgage Proof of Claim Attachment Official Form 410A attached to the claim was incomplete.

3. On April 13, 2018, Trustee filed a Trustee's Recommendation Concerning Claims ("TRCC").  The TRCC was served on Debtor, Debtor's Attorney, and the Mortgage Lender and proposed the following treatment:

| CLAIM# | CURRENT MORTGAGE PAYMENTS | COLLATERAL | CLAIM | INTEREST RATE | TREATMENT |
|---|---|---|---|---|---|
| 12 | FIRST UNITED BANK & TRUST COMPANY | HOMESTEAD ONGOING | | | 12/01/17 - $974.86 |

4. No Parties objected to the TRCC. Any resulting deficiency on post-petition mortgage payments since the filing of the TRCC is attributable solely to Debtor's counsel's neglect.

5. The Modification fails to meet the "feasibility" requirements of 11 U.S.C. §§1329(b)(1) and 1325(a)(6) because the Modification proposes payments of $2,410.00 per month, starting December 25, 2019, while the monthly surplus reflected on the Schedule J on file in this case is $2,075.  In addition, Debtor has not made a full plan payment since December 2018.

6. The Modification does not meet the "good faith" requirements of §§1329(b)(1) and 1325(a)(3) because by removing the excess base provision, the Modification would require the Trustee to file a modification or obtain an order of the court to disburse any excess base amount created by the Modification to the unsecured creditors. The Modification contains excess base that could be disbursed to the unsecured creditors without additional modification or order.

    WHEREFORE, Trustee prays that Debtor's Modification of Chapter 13 Plan after Confirmation be DENIED and for general relief.

Respectfully submitted,

By:    /s/ Ethan S. Cartwright
           Ethan S. Cartwright, Staff Attorney
           Bar No.  24068273
           PAM BASSEL STANDING CHAPTER 13 TRUSTEE
           Bar No. 01344800
           7001 Boulevard 26, Suite 150
           North Richland Hills, TX 76180
           (817) 916-4710 Phone
           (817) 916-4770 Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on or before the date of filing.  Service was accomplished electronically on Debtor's attorney and all parties entitled to electronic notice and by first class mail on the Debtor(s) and the parties listed below, if any.

By:    /s/ Ethan S. Cartwright
           Ethan S. Cartwright